## COURT OF APPEALS.

JOHN PURCHASE agt. MAHLON MATTISON and JOHN B. MATTISON.

It is a *mistrial*, for the judge trying the cause to direct a verdict for the plaintiff subject to the opinion of the court at general term, where the defendant has taken exceptions to the rulings of the judge, *rejecting evidence offered by him.* That is, where the *facts* entitling the plaintiff to recover, are *controverted.*

*March Term,* 1863.

APPEAL from judgment of general term of the supreme court.

WRIGHT, J. There was plainly a mistrial. The judge trying the cause directed a verdict for the plaintiff, subject to the opinion of the court at the general term. This was really what was done. It was not a case where exceptions were taken; and instead of going to the special term the judge directed them to be heard in the first instance at the general term, and in the meantime suspended judgment. The defendants had taken various exceptions to the rulings of the judge rejecting evidence offered by them; and the facts entitling the plaintiff to recover, if at all, were controverted. The defendants had the right to have the questions raised by their exceptions considered upon an application for a new trial if the verdict was against them; and unless an uncontroverted state of facts was presented, involving only questions of law, the judge at the trial had no authority to direct a verdict subject to the opinion of

the court at general term.  The effect of the order was to deprive the defendants of an opportunity of having their exceptions considered either at special or general term, and to have the general term, and not the jury, from the evidence find the facts upon which the questions of law arose. The general term did substantially find them in this case, and upon such finding came to the legal conclusion that the plaintiff was a holder of the checks for value, so as to be entitled to recover upon them, and rendered judgment in his favor.

There are but two cases when the general term can, before judgment, and in the first instance, review the proceedings upon the trial.   One is, when the judge trying the cause directs the exceptions of the unsuccessful party to be heard in the first instance at the general term ; the other, when there are no exceptions taken in the progress of the trial, upon any questions of evidence, and the facts, upon which the questions of law arise, are uncontroverted.   In the former case, the general term either grants a new trial or renders final judgment.   In the latter case, it renders final judgment in favor of either of the parties who, upon the conceded state of facts, is legally entitled to it.   When the general term renders judgment upon a verdict subject to the opinion of the court, for the purpose of a review, here the questions or conclusions of law, together with a concise state of the facts upon which they arose, are to be prepared by and under the direction of the court, and are to be deemed part of the judgment roll, ( *Code,* § 333,) and we may review the question of law involved in the rendition of the judgment, in the same manner and with the like effect as if exceptions had been taken at the proper time, ( *Code,* § 265.)  It is not contemplated that there is to be a finding of facts from the evidence, by the court at general term, and the only statement of facts that the court is authorized to make, are those uncontroverted and conceded on the trial. It was necessary in this case, before the question of law,

whether the plaintiff was entitled to recover could arise, that the fact should be ascertained and found by the jury, the only tribunal competent to find it, that the checks were taken by the plaintiff without notice of the purpose for which they were delivered to Sollenger, for absolute pay· ment and extinguishment of the Sollenger debt.   But this question was withdrawn from the consideration of the jury, and the fact substantially found by the court, and on which they predicated their conclusion of law, that the plaintiff was the holder of the checks for value, so as to be entitled to recover.   If we are, therefore, to review questions of law arising in this case, it must be, not upon a state of facts conceded on the trial, but found from the evidence by the court.   The judge trying the cause has only authority to direct a verdict subject to the opinion of the court, at gen- eral term, and the general term to render judgment, when upon the ·trial the case presents only questions of law.

I think there was a mistrial, and for that reason the judg- ment should be reversed and the case sent down for another trial.   It is true that the defendants' counsel did not object to the disposition of the case by the judge who tried it; but that cannot cure the irregularity or give vitality to an unauthorized order.   Besides, we can review only questions of law arising upon facts uncontroverted or found by the jury.

The judgment should be reversed on the ground of a mistrial.