In the matter of the petition of WILLIAM G. WOOD *et al.* to vacate the assessment for paving Third avenue in the city of New York.

Where the contract and specifications for paving an avenue did not provide for taking up the gutter stones and paving in their place, but on the contrary, required the contractor to readjust the gutter stones wherever necessary, without charge, and in violation of this he removed the gutter stones and substituted the pavement with the assent of the water purveyor, at the request of some of the owners; *Held*, that there was no authorty for this, and it was outside of the contract.

It is erroneous for assessors to include in their assessment a charge for making the assessment.

It is irregular and erroneous for the commissioners of the Croton Water Board to certify the work to have been completed and accepted, when they have rejected the whole street for a distance of one block. ' The taking a bond to do the work, and withholding a part of the money will not obviate the difficulty.

Although the court does not, in a proceeding under the act of 1858, (*Laws of* 1858, *ch.* 338,) inquire whether the work was well done, or done according to the contract, so far as relates to the material or workmanship, yet when it appears that the certificate was given with a full knowledge that the work was not finished, it is a violation of the contract which prohibits the contractor from receiving payment until the whole work is completed, and is unjust to the owners who are assessed for its payment.

*By the Court*, INGRAHAM, J. We have heretofore held that it was irregular, within the meaning of the act of

1858, (*Laws of* 1858, *ch.* 338,) to do several things which are complained of in this petition; among which are the following:

1st. The contract and specifications did not provide for taking up the gutter stones and paving in their place with Belgian pavement, but on the contrary required the contractor to readjust the gutter stones wherever necessary, without charge. In violation of this he removed the gutter stones and substituted the pavement, under the assent of the water purveyor, at the request of some of the owners. There was no authority for this, and it was outside of the contract.

2d. The assessors were wrong in including in their assessment a charge for making the assessment. This we held some time since to be erroneous.

3d. It was irregular and erroneous for the commissioners of the croton board to certify the work to have been completed and accepted, when they had rejected the whole street for a distance of one block. The taking a bond to do the work, and withholding part of the money, did not obviate the difficulty. That work has not been done to the time of the trial, and yet the owners have been assessed for it.

We do not, under this proceeding, inquire whether the work is well done, or done according to the contract, so far as relates to the material or workmanship; and if this were all, there would be no ground for our interference on that account; but when it appears that the certificate was given with a full knowledge that the work was not finished, it was a violation of the contract, which prohibited the contractor from receiving payment until the whole work was completed, and was unjust to the owners who were assessed for its payment.

The application should be granted, and the assessment vacated.

[New York General Term, June 1, 1868. *Geo. G. Barnard, Ingraham* and *Sutherland*, Justices.