# SUPREME COURT.

In the matter of the petition of LAURA E. EAGER and others,. to vacate assessments for paving Irving Place from 14th: to 20th street, 19th street from Third to Sixth avenue, and 16th street from Fourth avenue to Rutherford Place with Nicolson pavement.

It has been heretofore held by this court, that the act passed April 26th, 1870, authorizing the court to deduct any unlawfully increased assessment in street cases in. the city of New York, &c., does not apply to cases which had arisen before the passage of the act, but that such act was prospective only in requiring the amount erroneously assessed to be deducted.

Where the resolution and ordinance requires streets to be paved with Nicolson pavement, and that *cross-walks be laid or relaid* at intersecting streets, it is irregular not to lay such cross-walks as directed by the ordinance, and yet charge upon the owners of lots the cost of laying them. It is a fraud upon the lot owners, which entitles them to relief under the act of 1858.

The charge of two and one half per cent. for *collecting*, is not erroneous. The statute gives that amount on moneys collected. This charge, as well as the cost of the work, has to be raised by an assessment on the property and the whole sum, when collected, is paid into the treasury. The statutes evidently give the per centage on the whole amount assessed and collected.

There is no authority given by statute authorizing an assessment, to include in the contract an allowance to contractors for extra compensation, if the work is done *before the time fixed in the contract.*

*New York Special Term, April,* 1870.

THESE proceedings were brought to vacate assessments imposed on the property of the petitioners for paving Irving Place, 19th and 16th streets with Nicolson pavement under the acts in relation to frauds in assessment, for local improvements in the city of New York.

The resolutions and ordinances relative to each street,. provide that the streets be paved with Nicolson pavement,. where not already paved with Belgian pavement, and cross–

walks laid or relaid at intersecting streets. No cross-walks were laid or relaid at the intersection of Irving Place with 16th or 19th street.

The advertisements issued by the Croton aqueduct department, called for proposals and bids for contracts for laying the Nicolson pavement, which is a patented article, and the Nicolson Pavement Company have the exclusive right to lay it in the city of New York. Only one bid for each street was received, which was made by the Nicolson Pavement Company, and the contracts were made with that company to do the work.

This company laid in the three streets, cross-walks or bridge stones, the charge for laying which, exceeded in each street, the sum of two hundred and fifty dollars. In the advertisement for proposals for bids there was no mention of cross-walks.

In each of the assessment lists there was included a charge of three dollars and fifty cents per day for each day the work was completed prior to the time agreed upon in the contract.

It appeared from the testimony of John T. Tully, secretary of the board of assessors, that the charges for the collection of the several assessments, exceeded the two and one half per cent. allowed on the items of the assessments after deducting therefrom the item for collection. The ordinance of the common council allows to the collector and his deputies, an equal part of two and one half per cent. on all items of assessments collected by the bureau for the collection of assessments during their term of office, and of two per cent. on all unpaid items of assessments returned during their term of office to the bureau of arrears. The estimate of the cost of collection was based on the supposition that the whole amount of the assessment would be received by the collector during the years the assessment is in his hands, and therefore that he would be entitled to two and one half per cent. on the whole amount instead of but two per cent.,

which he is authorized to receive for the sums not collected by him.

And it appeared that the collector of assessments, not only had two and one half per cent. upon the expenses, but also the same per centage on his own fees. These proceedings were instituted in February, 1870, and the testimony taken from time to time, prior to April 13th. On the 20th of April, 1870, the cases were argued before Mr. Justice BRADY, at special term, who rendered the following opinion:

ABRAHAM R. LAWRENCE, Jr., *for petitioners.*
A. J. VANDERPOEL, *for the Mayor, Aldermen, &c.*

BRADY, J.—There are two objections taken to the assessments imposed upon the lands of the petitioners, which are well taken.

*First.* The charge for cross-walks of stone, none having been laid, and none others having been authorized.

*Second.* The charge for collection in excess of two and a half per cent. allowed by law. These charges are legal irregularities within the decisions of this court, relative thereto, and the assessments must be vacated under the act of 1858. (*Laws of* 1858, *p.* 574, § 2; *Matter of Wood,* 51 *Barb.,* 276; *Matter of Lewis,* 35 *How.,* 162; *Matter of Babcock,* 23 *How.,* 118; *Matter of Beams,* 17 *How.,* 459; *Matter of Buhler,* 19 *How.,* 317; *Matter of Wm. B. Astor, MS.*)

Section 27 of the Act of 1870, chap. 383, passed April 26, 1870, might render these objections valueless, but that act was not passed when these applications were heard; has no retroactive effect, therefore, and the irregularities under its provisions cannot be remedied. I have examined all the points submitted in reference to the proceedings for the assessments objected to, and my judgment is that none of them, except those embracing the items mentioned, are well taken.

I deem it unnecessary to say anything further in deciding

these applications, except that the principles upon which the assessment is made is not the subject of review under the act of 1858, *supra*. If erroneous, it is not a legal irregularity within the meaning of that act. The land of the petitioners and others subject to assessment for the improvement made may, therefore, be again assessed, as provided by the act of 1858, *supra*, the charge for cross-walks and the charge for collecting already considered, being excluded from the expenses of the improvement and the expenses of the new assessments being also excluded.

From the order entered on this decision, the Mayor, Aldermen and Commonalty appealed to the general term of this court.

A. J. VANDERPOEL, *counsel for appellants.*
A. R. LAWRENCE, Jr., *counsel for respondents.*

*By the court,* INGRAHAM, *P. J.*—We have heretofore held that the act of 1870 did not apply to cases which had arisen before the passage of the act, but that such act was prospective only in requiring the amount erroneously assessed to be deducted. There can be no doubt of its having been irregular not to lay the cross-walks as directed by the ordinance, and yet to charge upon the owners of lots the cost of laying them. The cost of laying Nicolson pavement was $4 95 per square yard; the cost of the bridge stones was $1 30 per foot—nearly three times more than the wooden pavement. It would not require any great stretch of the imagination to find that such a charge was a fraud on the lot owners, which entitles them to the relief sought. The charge of two and one half per cent. for collecting was not, in my judgment, erroneous. The statute gives that amount on moneys collected. This charge, as well as the cost of the work, has to be raised by an assessment on the property, and the whole sum when collected is

Matter of Eager.

paid into the treasury. The statutes evidently give the percentage on the whole amount assessed and collected. It may well be doubted whether the contract was properly made to include an allowance to contractors for extra compensation if the work is done before the time fixed in the contract. No such authority is given by the statute authorizing the assessment, nor does the ordinance directing the improvement provide for it. We see no authority for the department to agree to pay extra sums to the contractor, not for doing the work, but for doing it quicker than he would otherwise do it. It is opening a door for abuses which, by extending the time for completing the work, may give to a contractor large sums of money for which he would render no equivalent.

Order appealed from affirmed.