MATTER OF WILLIAM H. McCORMACK and others.

Although the omission to advertise for bids or sealed proposals for cross-walks to be laid or relaid, when such cross-walks are embraced in the resolution of the common council for paving an avenue, is a legal irregularity, under the act of 1858, (*Laws of* 1858, *ch.* 338,) yet under the provisions of section 27 of the act of 1870, chapter 383, it is not necessarily fatal to the assessment; as the assessment may be modified, by deducting therefrom the amount of the unlawful increase.

The objection that, in paving an avenue, the space between the rails of a railroad company was not paved, relates to an omission of which property owners cannot complain; since by such omission their burden is lessened. It is not a legal irregularity, within the meaning or spirit of the act of 1858, and fatal to the assessment.

The objection, to an assessment, that the kind of pavement selected by the common council was patented, and therefore not open to competition, is equally unavailable.

A charge for collection, if it exceeds the two and a half per cent allowed by law, is erroneous, but not fatal to the assessment. The excess may be deducted, under the act of 1870.

The acts of the assessors, while in the lawful discharge of their duty, cannot be reviewed by proceedings under the act of 1858, although the assessors were governed, in their deliberations, by an erroneous *principle*.

Such an error will not constitute a legal irregularity, within the meaning of that act.

PETITION, under the act of 1858, (*Laws of* 1858, *ch.* 338,) to vacate an assessment for paving Sixth avenue, from Forty-second street to Fifty-ninth street, in the city of New York, with Nicolson pavement.

*A. R. Lawrence, Jr.*, for the petitioners.

*Richard O'Gorman*, opposed.

BRADY, J. I have carefully and fully considered, I think, all the objections presented by the petitioners to the validity of the assessment which they seek by this proceeding to set aside, and in disposing of them shall state briefly the reasons which control my judgment.

1st. The omission to advertise for bids or sealed pro-

Matter of McCormack.

posals for cross-walks to be laid or relaid, although they were embraced in the resolution of the common council, as well as the Nicolson pavement, was, it is true, a legal irregularity, under the act of 1858, within the decisions of this court relating thereto. (*Laws of* 1858, *p.* 574, § 2. *Matter of Wood,* 51 *Barb.* 276. *Matter of Lewis,* 25 *How. Pr.* 162. *Matter of Babcock,* 23 *id.* 118. *Matter of Buhler,* 19 *id.* 317. *Matter of Beams,* 17 *id.* 459. *Matter of Astor, MS.*) But under the provisions of section 27 of the act of 1870, chap. 383, it is not necessarily fatal to the assessment. That section declares that if, upon a hearing such as that which was had herein, it shall appear that by reason of any alleged irregularity, the expense of any local improvement has been unlawfully increased, the judge may order that such assessment upon the lands of the aggrieved party may be modified, by deducting therefrom such sum as is in the same proportion to such assessment as the whole amount of such unlawful increase is to the whole amount of the expense of such local improvement; and the application of these remedial provisions will obviate the objection stated. I have not discovered in the proofs submitted, any reason why this should not be done, and have determined, therefore, that the charge for cross-walks should be deducted from the assessment, in the manner and on the principle declared in the statute.

2d. The objection that the space between the rails of the Sixth Avenue Railroad Company was not paved, relates to an omission of which the petitioners cannot complain. The expense of the improvement would be increased if that work had been done; and that it was not done was a pecuniary advantage to them, lessening the burden which they had to bear. It is not a sufficient answer to this view, that the resolution of the common council directed the Sixth avenue to be paved. Such direction must be presumed to have been resolved upon with reference to that part of the avenue the obligation to pave and

repair which rested alone upon the corporation. If, however, such presumption may not be entertained, it would be equally improper to hold that a proceeding which, having due regard to the obligations of the Sixth Avenue Railroad Company to the city, and therefore designed to decrease the expense of a local improvement, was a legal irregularity, within the meaning or spirit of the act of 1858, and fatal to the assessment. The summary proceedings established by that act are for the party aggrieved by the legal irregularity, (§ 1,) and the petitioners were not aggrieved by the omission stated. It had the effect, on the contrary, to lessen the expense of the improvement, as already suggested. It is my opinion, therefore, that it was not only not a legal irregularity, within the meaning or spirit of the act of 1858, but a proper recognition by the Croton Aqueduct board, acting on behalf of the city, of the undertaking by the Sixth Avenue Railroad Company, to keep the space within their rails in repair.

3d. The objection that the pavement selected by the common council was patented, and not therefore open to competition, is equally unavailable. The decision in the *Matter of Astor*, made by the general term of this district, authorizing the receipt of proposals to pave with the Nicolson pavement, is substantially a declaration that the common council may select it if they think proper.

4th. The objection to the charge for collection is well taken, if such charge exceed the two and a half per cent allowed by law. (*Matter of Lewis, supra.*) It is not fatal to the assessment, however. The excess may be deducted, as provided by the act of 1870, (*supra,*) and in the manner therein declared. These are all the objections I am called upon to examine.

The point made in reference to the principle on which the assessment was made, is not justified by the evidence. The proofs do not show the rule by which they were guided; but were it otherwise, I am of the opinion that

Matter of McCormack.

the acts of the assessors, while in the lawful discharge of their duty, cannot be reviewed by proceedings under the law of 1858, although they were governed in their deliberations by an erroneous principle. Such error would not, in my judgment, constitute a legal irregularity, within the meaning of that law. It may also be said to be doubtful whether their acts could be reviewed at all, unless objections were taken and duly presented to the board of revision and correction. It is not necessary for me, however, to consider this point further.

I have thus disposed of all the questions arising upon the proofs herein. I entertained, at first, some doubt whether the expense for cross-walks was, under the provisions of the act of 1870, (*supra,*) an unlawful increase of the expense of the improvement; but upon reflection, determined that it was fairly within the spirit of the law; that the improvement having been made, and, as to the Nicolson pavement, properly made, the expense thereof should not, for the irregularity referred to, be thrown upon the city; and that to avoid that result, in such cases, the act of 1870 was passed.

The effect of these conclusions is, that the assessments mentioned in the petitions herein shall not be declared void, but that there shall be deducted from them the objectionable items mentioned.

Ordered accordingly.

[New York Special Term, December 5, 1870. *Brady*, Justice.]